UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2005 FEB 23 AM 9 51

CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| BARRY TODD OWENS<br><br>v.<br><br>ULTRAMAR ENERGY, INC.,<br>STAR GAS PARTNERS, L.P., AND<br>STAR GAS PROPANE, L.P. | Civil Action<br><br>Case No. 2:05-cv-43 |

### COMPLAINT

NOW COMES the plaintiff, Barry Todd Owens, by and through his attorneys, Langrock Sperry & Wool, LLP, and alleges as follows:

#### PARTIES

1. Plaintiff Barry Todd Owens is an individual residing in Stowe, Vermont.

2. Defendant Ultramar Energy, Inc. ("Ultramar") is a corporation registered under the laws of Delaware, with a principal place of business in San Antonio, Texas.

3. Defendant Star Gas Partners, L.P. is a limited partnership existing under the laws of Delaware, with a principal place of business in Stamford, Connecticut.

4. Defendant Star Gas Propane, L.P. is a limited partnership existing under the laws of Delaware, with a principal place of business in Stamford, Connecticut. On information and belief, Star Gas Propane is the operating subsidiary of Star Gas Partners. Defendants Star Gas Partners and Star Gas Propane are collectively referred to herein as Star Gas.

#### JURISDICTION AND VENUE

5. This is an action brought pursuant to 28 U.S.C. §1332 between citizens of different states.

6. The amount in controversy exceeds $75,000.

LANGROCK SPERRY
& WOOL LLP

7.   Venue is proper in this district as jurisdiction is founded on diversity of citizenship, and a substantial part of the events and omissions giving rise to the claim occurred within the State of Vermont.

## BACKGROUND

8.   On October 25, 2003, plaintiff was in Morrisville, Vermont at the residence of John and Julie Pickett. This structure was under construction at the time.

9.   While at the Picketts' home, plaintiff was critically burned in an explosion and fire.

10.   The explosion occurred when LP-gas supplying a hot water boiler infiltrated into the basement of the structure and ignited.

11.   On information and belief, the LP-gas was supplied to the Picketts' home by defendants, Ultramar and Star Gas.

12.   On information and belief, the underground storage tank in which said LP-gas was stored was provided to the Picketts' home by defendants, Ultramar and Star Gas.

13.   The LP-gas at the Picketts' home did not contain sufficient odorant to enable individuals, including plaintiff, to detect the presence of LP-gas. Plaintiff was accordingly unable to detect that a dangerous quantity of LP-gas had infiltrated into the basement area.

14.   The defendants Ultramar and Star Gas failed to provide adequate warnings to consumers and other users of LP-gas that they would be unable to detect LP-gas if the odorant faded or was otherwise rendered ineffective.

15.   The defendants Ultramar and Star Gas failed to provide adequate warnings to consumers and other users of LP-gas that under various conditions the odorant in LP-gas would lose its effectiveness through the shipping and storage process.

16.   Defendants Ultramar and Star Gas failed and refused to take adequate and effective steps to ensure that the propane gas arrived in the Picketts' home with adequate odorant.

17.   As a direct and proximate result of his burns, plaintiff has sustained permanent and disabling injuries, disfigurement, loss of function and substantial pain and suffering.

18.   As a direct and proximate result of his burns, plaintiff has lost income and has incurred medical expenses.

LANGROCK SPERRY
& WOOL LLP

### COUNT I – NEGLIGENCE FOR LP-GAS

19. Plaintiff incorporates as if fully set forth herein paragraphs 1 through 18 of this complaint.

20. Defendants owed a duty to purchasers or users of the LP-gas, including plaintiff, to provide the LP-gas in a safe condition.

21. Defendants negligently failed to ensure that the LP-gas sold to Mr. and Mrs. Pickett was properly odorized.

22. Defendants negligently failed to ensure that any odorant which had been added to the LP-gas sold and delivered to the Picketts' home remained viable and effective as of October 25, 2003.

23. Defendants failed to provide adequate warnings as to potential loss of effectiveness of odorant.

24. As a direct and proximate result of said negligence, plaintiff was injured on October 25, 2003.

### COUNT II – STRICT LIABILITY FOR LP-GAS

25. Plaintiff incorporates as if fully set forth herein paragraphs 1 through 24 of this complaint.

26. The LP-gas sold by defendants to Mr. and Mrs. Pickett was in a defective condition and unreasonably dangerous to purchasers or users, due to the lack of odorant.

27. The defendants are engaged in the business of selling LP-gas.

28. The LP-gas reached the Picketts' home without substantial change in the condition in which it was sold.

29. As a direct and proximate result of the defective and unreasonably dangerous LP-gas, plaintiff was injured on October 25, 2003.

30. Defendants are accordingly strictly liable for plaintiff's damages.

### COUNT III – BREACH OF WARRANTY FOR LP-GAS

31. Plaintiff incorporates as if fully set forth herein paragraphs 1 through 30 of this complaint.

32.     As sellers, manufacturers and/or distributors of the LP-gas sold to the Picketts, defendants have made implied and/or express warranties that the LP-gas was reasonably fit for the general uses and purposes for which it was sold, and that it was free of any defects that would create an unreasonable risk of injury to purchasers or foreseeable users of the LP-gas.

33.     Defendants breached these implied and/or express warranties as the LP-gas was defective and unreasonably dangerous.

34.     As a direct and proximate result of the defective and unreasonably dangerous LP-gas, plaintiff was injured on October 25, 2003.

### COUNT IV – NEGLIGENCE FOR DEFECTIVE TANK

35.     Plaintiff incorporates as if fully set forth herein paragraphs 1 through 34 of this complaint.

36.     As of July 1, 2003, defendant Star Gas Partners, LP, purchased the assets of defendant Ultramar, Inc., including, on information and belief, the underground storage tank located on the Picketts' property.

37.     On information and belief, said underground storage tank contained red rust within it before, on and after July 1, 2003.

38.     Exposure to red rust causes the ethyl mercaptan, the type of odorant contained in the underground storage tank at the Picketts' home, to fade or be reduced in quantity or odorizing effect.

39.     Defendants owed a duty to purchasers or users of the underground storage tank, including plaintiff, to provide a safe underground storage tank.

40.     Defendants negligently failed to ensure the underground storage tank at the Picketts' home was free of red rust.

41.     Defendants negligently failed to provide adequate warnings that said underground storage tank contained red rust, and that this condition would cause the odorant in the tank to fade, or be reduced in quantity or odorizing effect.

42.     As a direct and proximate result of said negligence, plaintiff was injured on October 25, 2003.

LANGROCK SPERRY
& WOOL LLP

## COUNT V – STRICT LIABILITY FOR DEFECTIVE TANK

43. Plaintiff incorporates as if fully set forth herein paragraphs 1 through 42 of this complaint.

44. Defendants are in the business of providing underground storage tanks for LP-gas to their customers.

45. Said storage tank delivered by defendants to the Picketts' home was in a defective condition and unreasonably dangerous to the user, in that it contained rust.

46. As a direct and proximate result of the defective and unreasonably dangerous storage tank, plaintiff was injured on October 25, 2003.

47. Defendants are strictly liable for damages for the defective condition of the underground storage tank.

## COUNT VI – BREACH OF WARRANTY FOR DEFECTIVE TANK

48. Plaintiff incorporates as if fully set forth herein paragraphs 1 through 47 of this complaint.

49. As sellers, manufacturers or distributors of the underground storage tank sold to the Picketts, defendants have made implied and/or express warranties that said tank was reasonably fit for the general uses and purposes for which it was sold, and that it was free of any defects that would create an unreasonable risk of injury to foreseeable users of said tank.

50. Defendants breached these implied and/or express warranties as the underground storage tank was defective and unreasonably dangerous.

51. As a direct and proximate result of the defective and unreasonably dangerous LP-gas, plaintiff was injured on October 25, 2003.

WHEREFORE, plaintiff demands judgment against the defendants for:

  A. Compensatory damages;
  B. Costs;
  C. Reasonable attorneys' fees;
  D. Such further relief as the Court deems just.

PLAINTIFF DEMANDS TRIAL BY JURY.

LANGROCK SPERRY
& WOOL LLP

DATED at Middlebury, Vermont this 22nd day of February, 2005.

LANGROCK SPERRY & WOOL, LLP

ATTORNEYS FOR PLAINTIFF

_____
William B. Miller, Jr., Esq.
James W. Swift, Esq.
Emily J. Joselson, Esq.
P.O. Drawer 351, 111 South Pleasant Street
Middlebury, VT  05753
(802) 388-6356

304089.3